IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr325-MHT |
| | ) | (WO) |
| WILLIE BENARD SMITH | ) | |

OPINION AND ORDER

Defendant Willie Benard Smith pled guilty to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841. He faces a mandatory minimum sentence of five years of incarceration, and is currently scheduled to be sentenced on May 31, 2018. For reasons that follow, defense counsel's motion for a local mental-health evaluation will be granted, albeit with relief beyond that initially requested.

1.

During an on-the-record conference call on April 25, 2018, the court heard from both parties regarding Smith's motion for a mental-health

evaluation. In the motion and on the call, defense counsel asserted that Smith was tazed and suffered a head injury just prior to giving uncounseled statements to the police and that the injuries he sustained may have diminished his capacity to give knowing and voluntary statements. According to defense counsel, the statements are "being used by U.S. Probation to enhance [Smith's] suggested [Sentencing Guidelines] punishment based on drug quantities attributed to him." Defendant's Motion For Mental Evaluation (doc. no. 77) at 1. Defense counsel also noted that Smith has a long history of substance abuse, which contributed to his difficulty refraining from the use of drugs while on pretrial release.

Defense counsel requested a local mental-health evaluation of Smith's mental condition at the time of the statements. Counsel also acknowledged that, because the evaluation should address both Smith's mental condition at the time he made the statements and his substance-abuse disorder and any other co-occurring

2

mental illnesses, a local evaluation might be inadequate, and an inpatient evaluation at the Bureau of Prisons (BOP) facility might be necessary. The government did not oppose the motion; it suggested that the evaluation first be conducted locally and, should the local evaluation be inadequate, the court could consider, after a hearing, sending Smith to the BOP for a more extensive inpatient evaluation.

2.

In his motion, Smith seeks a mental-health evaluation pursuant to 18 U.S.C. § 4241. Section 4241(a) authorizes a mental competency evaluation: that is, an evaluation when "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." The statute authorizes such an evaluation at

any time after the commencement of a prosecution and prior to the completion of the sentence. Here, however, no party questions Smith's competency to proceed. Accordingly, § 4241 is not an appropriate basis for Smith's motion.

### 3.

18 U.S.C. § 3552(b) is the appropriate statutory basis for Smith's motion. Section 3552(b) authorizes a court to order a "study of the defendant" if it "desires more information than is otherwise available to it as a basis for determining the sentence to be imposed." 18 U.S.C. § 3552(b). When a court orders a § 3552(b) evaluation, it must "specify the additional information that [it] needs before determining the sentence to be imposed." *Id.* In turn, "the study shall inquire into such matters as are specified by the court and any other matters that the ... professional consultants believe are pertinent to the factors set forth in section 3553(a)." *Id.*

Here, Smith contends that, if his inculpatory statements were not knowing and voluntary, the court should not rely on them in sentencing him, and that an evaluation of his mental condition at the time he made the inculpatory statements would aid the court in making the ultimate determination of whether the statements were knowingly and voluntarily made. The court agrees that the evaluation would be helpful in determining whether Smith's statements were knowing and voluntary and thus whether they should be relied upon at sentencing.

Because the court needs "more information than is otherwise available to it as a basis for determining the sentence to be imposed," the evaluation requested by Smith falls within the authorization of § 3552(b).

4.

A § 3552(b) evaluation is also appropriate because the court desires, for the purpose of sentencing, more information on Smith's background, including his

history of and ongoing problems with substance abuse and any other mental disorders. Smith was released on bond after his arrest in September 2017. He tested positive for methamphetamine on November 27. Instead of revoking his bond, Smith was ordered to attend substance-abuse treatment. Nonetheless, Smith tested positive for methamphetamines again on December 4, 2017, and January 10, 2018. Because he was honest with the court about his drug use, and because the court found it important for him to continue treatment, his bond was not revoked at that time. Between January 29 and March 5, 2018, Smith tested positive for methamphetamine three more times, and, although he was regularly attending treatment, his counselor advised that he was not being truthful in counseling about his ongoing drug use. In late March, Smith's bond was revoked for failure to comply with the conditions of his release, and he was detained. Given his difficulty remaining off drugs, it appears that Smith suffers from

severe drug addiction and needs treatment, and that the treatment to date has been ineffective.

The court therefore desires more information as to both his substance-abuse disorder and any underlying mental illnesses. Defense counsel indicated Smith may have suffered from a serious head injury, and the court would like more information on that too. And, while Smith, in his motion, did not specifically request an evaluation as to potential treatment, his attorney agreed with the court that a more thorough evaluation may be necessary to inform his treatment while on supervised release. In sum, the court needs a thorough § 3552(b) evaluation to inform its decisions regarding sentencing and treatment during supervised release.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Willie Benard Smith's motion for a local mental health evaluation (doc. no. 77) is granted, pursuant to 18 U.S.C. § 3552(b).

(2) The evaluator should first determine whether an adequate evaluation can be conducted locally, or whether it should be done inpatient at a Bureau of Prisons (BOP) facility. If the evaluator determines an adequate evaluation can be conducted locally, he or she shall proceed to conduct it. If the evaluator determines that the evaluation should be conducted at a BOP facility, he or she should suggest questions and issues the court should pose to the BOP.

(3) If the evaluator determines that a local evaluation pursuant to 18 U.S.C. 3552(b) will be adequate and conducts the evaluation:

(a) The report should assess whether defendant Smith's mental condition was likely impaired at the time he gave the statements to the police in light of his head injury and/or drug use, and whether his mental condition likely diminished his capacity to make knowing and voluntary statements or to understand the consequences of the statements at the time he made them. The report should also

include information on the head injury defendant Smith sustained after his arrest, as well as any previous head injuries he may have suffered, and an assessment of the effect, if any, of the head injury or injuries on defendant Smith's current mental condition and issues controlling his impulses and avoiding substance abuse.

(b) The evaluation and report should also include: (i) defendant Smith's history and present symptoms; (ii) a description of the psychiatric, psychological, and medical tests that were employed and their results; (iv) the examiner's findings; (v) the examiner's opinions as to diagnosis of mental disorders and prognosis; and (vi) any recommendations the examiner may have as to how the mental condition of defendant Smith should affect the sentence and the treatment ordered for defendant Smith while he is on supervised release.

(c) The evaluator should make recommendations as to how defendant Smith's substance abuse and

other mental disorders, if any, and his apparent history of head injury, should be addressed and treated during supervised release in light of defendant Smith's previous challenges succeeding in substance-abuse treatment. In particular, the evaluator should offer recommendations, in light of defendant Smith's disorders and history, as to the particular treatment modalities and social supports that could be utilized to improve the likelihood of his successful treatment for substance abuse and his compliance with the terms of supervised release.

(4) The report shall be filed with the court no later than May 25, 2018.

DONE, this the 2nd day of May, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**